**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Alan and Kelly Staunton, | : |
| Plaintiffs, | : Civil Action No.: _____ |
| v. | : |
| J.A. Cambece Law Office, P.C.; and DOES 1-10, inclusive, | : COMPLAINT |
| Defendants. | : |

For this Complaint, the Plaintiffs, Alan and Kelly Staunton, by undersigned counsel, state as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      Plaintiff, Alan Staunton (hereinafter "Alan" or the "Husband"), is an adult individual residing in Roslindale, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Plaintiff, Kelly Staunton (hereinafter "Kelly" or the "Wife," and together with Alan, the "Plaintiffs"), is an adult individual residing in Roslindale, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6.     Defendant J.A. Cambece Law Office, P.C. ("Cambece"), is a Massachusetts business entity with an address of 8 Bourbon Street, Peabody, Massachusetts 01960, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7.     Does 1-10 (the "Collectors") are individual collectors employed by Cambece and whose identities are currently unknown to the Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.     Cambece at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

9.     The Plaintiffs incurred a financial obligation in the approximate amount of $5,000 (the "Debt") to Providian (the "Creditor"). The Plaintiffs made several payments on the Debt, lowering the amount owed to approximately $1,300.

10.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11.     The Debt was purchased, assigned or transferred to Cambece for collection, or Cambece was employed by the Creditor to collect the Debt.

12.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

2

### B. Cambece Engages in Harassment and Abusive Tactics

13.     The Defendants telephoned the Plaintiffs regarding the Debt multiple times every day.

14.     The Defendants were rude and verbally abusive during telephone conversations with the Plaintiffs. The Defendants yelled at the Plaintiffs, threatened them, and acted in a bullying manner toward them.

15.     The Defendants threatened to initiate a legal action against the Plaintiffs.

16.     The Defendants threatened to have the Plaintiffs arrested.

17.     The Defendants threatened to ruin the Plaintiff's credit ratings.

18.     The Defendants demanded that Kelly give them her checking account number during a telephone conversation.

19.     The Defendants demanded that the Plaintiffs make an immediate payment on the Debt, despite the fact that the Plaintiffs have been making steady payments.

20.     The Defendants refused to send the Plaintiffs a letter verifying the amount of the Debt or identifying the original creditor. The Defendants instead told Kelly that they had that information and did not need to give it to the Plaintiffs.

### C. Plaintiffs Suffered Actual Damages

21.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

22.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.
### (as to Plaintiff Alan Staunton, the Husband)

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d in that the Defendants engaged in conduct in connection with the collection of a debt the natural consequence of which is to harass, oppress, or abuse any person.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that the Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that the Defendants threatened the Plaintiff with imprisonment if the debt was not paid.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that the Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that the Defendants employed false and deceptive means to collect a debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that the Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

4

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that the Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that the Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that the Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

34.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that the Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

35.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that the Defendants continued collection efforts even though the debt had not been validated.

36.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

37.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT II**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**
**(as to Plaintiff Kelly Staunton, the Wife)**

38.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.     The Defendants' conduct violated 15 U.S.C. § 1692d in that the Defendants engaged in conduct in connection with the collection of a debt the natural consequence of which is to harass, oppress, or abuse any person.

40.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that the Defendants used profane and abusive language when speaking with the consumer.

41.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that the Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

42.     The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that the Defendants threatened the Plaintiff with imprisonment if the debt was not paid.

43.     The Defendants' conduct violated 15 U.S.C. § 1692e(7) in that the Defendants falsely misrepresented that the Plaintiff had committed a crime, in order to disgrace the Plaintiff.

44.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that the Defendants employed false and deceptive means to collect a debt.

45.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that the Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

46.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that the Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

47.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that the Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

48.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that the Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

49.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that the Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

50.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that the Defendants continued collection efforts even though the debt had not been validated.

51.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,
## M.G.L. c. 93A § 2, et seq.
## (as to both Plaintiffs)

52.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.     The Defendants employed unfair or deceptive acts to collect the debt, in violation of M.G.L. c. 93A § 2.

54.     The Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 11 and, as such, the Plaintiffs are entitled to double or treble damages plus reasonable attorney's fees.

## COUNT IV
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
### (as to both Plaintiffs)

55.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes...upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

57.     Massachusetts further recognizes the Plaintiffs' right to be free from invasions of privacy, thus the Defendants violated Massachusetts state law.

58.     The Defendants intentionally intruded upon the Plaintiffs' right to privacy by continually harassing the Plaintiffs with threatening telephone calls.

59.     The telephone calls made by the Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

60.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

61.     As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from the Defendants.

62.     All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

8

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63.     The Plaintiffs incorporate by reference all of the above paragraphs of this

Complaint as though fully set forth herein at length.

64.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the

Plaintiffs were so outrageous in character, and so extreme in degree, as to go beyond all possible

bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

community.

65.     The foregoing conduct constitutes the tort of intentional infliction of emotional

distress under the laws of the State of Massachusetts.

66.     All acts of the Defendants and the Collectors complained of herein were

committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are

subject to imposition of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C.
   §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §
   1692k(a)(3) against the Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L.
   c. 93A § 3(A);

5. Actual damages from the Defendants for the all damages including
   emotional distress suffered as a result of the intentional, reckless, and/or

9

negligent FDCPA violations and intentional, reckless, and/or negligent

invasions of privacy in an amount to be determined at trial for the Plaintiffs;

6.  Punitive damage; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 3, 2009

Respectfully submitted,

By _____

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (877) 795-3666
Attorneys for Plaintiff